UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT E. MACLEOD,

        Petitioner,

     v.                                      20-CV-1680-LJV
                                           DECISION & ORDER

TIMOTHY McCARTHY, *Superintendent*,

        Respondent.

_____

On November 10, 2020, the *pro se* petitioner, Robert E. Macleod, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Docket Item 1. He challenges his conviction in New York State Supreme Court, Niagara County, on several grounds. *Id.* at 6-7.

On July 20, 2021, the respondent, Superintendent Timothy McCarthy, answered the petition, Docket Item 16, and filed a memorandum in opposition to it, Docket Item 15. Macleod then requested four extensions of time to reply in support of his petition. Docket Items 19, 24, 27, 29. The Court granted each extension request, *see* Docket Items 21, 25, 28, 30, but eventually warned Macleod that it would "decide his petition based on the submissions made as of [March 31, 2022]" if Macleod did not reply by that date, *see* Docket Item 30.

---

[1] Although the petition was docketed on November 16, 2020, it was signed on November 10, 2020, *see* Docket Item 1 at 9, and therefore is deemed filed as of that date under the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270-72, 276 (1988); *see also Johnson v. Coombe*, 156 F. Supp. 2d 273, 277 (S.D.N.Y. 2001).

Instead of replying, on March 29, 2022, Macleod moved to stay this proceeding and amend his petition. Docket Item 31. On May 4, 2022, McCarthy responded to Macleod's motion, Docket Item 35, and the next day, McCarthy filed a supplemental letter brief, Docket Item 36. Macleod then requested four extensions of time to reply in support of his motion to stay. Docket Items 37, 39, 41, 43. The Court again granted each of Macleod's extension requests, *see* Docket Items 38, 40, 42, 44, but finally warned Macleod that "[n]o further extensions w[ould] be granted" and that if Macleod did not respond by January 3, 2023, the Court would decide his motion to stay "based on the submissions made as of that date," *see* Docket 44.

Nevertheless, on January 3, 2023, Macleod requested a fifth extension because, he said, he was "talking with potentially retained counsel to assist him" with his petition. Docket Item 45. The Court neither granted nor denied Macleod's request for a fifth extension; rather, it waited to see whether an attorney would enter a notice of appearance. But no attorney has appeared on Macleod's behalf in the 16 months since then. The Court therefore denies Macleod's fifth motion for an extension of time to reply and decides the motion to stay and amend based on the papers it has received thus far. For the reasons that follow, Macleod's motion to stay and amend is denied.

## **DISCUSSION**

Macleod requests a stay of this proceeding so that he may "amend his petition for an unexhausted claim of ineffective assistance of counsel" related to his trial counsel's failure to (1) introduce photographs that purportedly refute the testimony of

2

certain witnesses, and (2) object to a portion of the state's summation.² Docket Item 31. McCarthy responds that those claims are time barred.³ Docket Items 35 and 36. This Court agrees with McCarthy.

I. **TIMELINESS OF THE NEW CLAIMS**

Generally, petitions for relief under section 2254 "must be filed within one year from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Laurey v. Graham*, 596 F. Supp. 2d 743, 747 (W.D.N.Y. 2009) (quoting 28 U.S.C. § 2244(d)(1)(A)). "[T]he time for bringing a federal habeas claim is not tolled during the pendency of an already-filed federal habeas petition." *Id.* (citing *Duncan v. Walker*, 533 U.S. 167, 181 (2001)).

Macleod's direct appeal proceedings ended on September 13, 2018, when the New York Court of Appeals denied leave to appeal his conviction. Docket Item 16-1 at 6. His judgment of conviction therefore became final on December 12, 2018—the date on which his time to seek certiorari expired. *See Giardala v. Bell*, 2020 WL 815677, at *3 (S.D.N.Y. Feb. 19, 2020) ("Generally, a judgment of conviction becomes final following 'the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States.'" (quoting *Warren v. Garvin*, 219 F.3d 111, 112 (2d

---

² Although McCarthy contends that several claims asserted in the original petition are unexhausted, *see* Docket Item 15 at 22, Macleod does not request a stay and abeyance of this proceeding so that he may exhaust those claims, *see* Docket Item 31; *see also Rhines v. Weber*, 544 U.S. 269, 278 (2005) (explaining stay-and-abeyance procedure).

³ In fact, McCarthy argues that even the original petition is untimely. Docket Item 15 at 9-13. But solely for purposes of deciding Macleod's motion to stay and amend, this Court assumes that the original petition was timely filed.

Cir. 2000)).  And his 2254 petition therefore was due one year later, on December 12, 2019.

But on December 5, 2019, Macleod filed a motion to vacate under New York Criminal Procedure Law § 440.10.[4]  The pendency of that motion tolled Macleod's time to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(2).  The clock began to run again on October 29, 2020, when the New York State Supreme Court, Appellate Division, Fourth Department, denied Macleod leave to appeal his section 440.10 motion to the Court of Appeals.  *See* Docket Item 16-1 at 10-11.

Macleod filed this petition about two weeks later, on November 10, 2020.  Docket Item 1.  He moved to amend his petition to add new claims on March 29, 2022, Docket Item 31—nearly a year-and-a-half later, and therefore well outside the one-year statute of limitations that governs those claims.  The new claims therefore are time barred unless (1) Macleod shows that he is entitled to equitable tolling of the statute of limitations or (2) the new claims relate back to the claims in the original petition.

## II.     EQUITABLE TOLLING

"To qualify for [equitable tolling], the petitioner must establish [1] that extraordinary circumstances prevented him from [asserting his claim] on time, and [2] that he acted with reasonable diligence throughout the period he seeks to toll."  *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation marks omitted).

Macleod argues that he is entitled to equitable tolling with respect to his new claims because (1) he had to "borrow funds in order to pay the . . . amount that his trial

---

[4] Because the underlying offense here involves a sex crime, many of the state court records, including Macleod's section 440.10 motion, have been filed under seal.

attorney requested for his trial folder," and (2) his attorneys did not "respond[] to [his] request for affidavits to explain" the trial strategy.  Docket Item 31 at 4.  But as McCarthy argues, those allegations do not entitle Macleod to equitable tolling.  *See* Docket Item 35 at 6-7.

First, Macleod previously filed a letter from his trial counsel explaining that counsel had "provided [Macleod] with copies of all file materials."  Docket Item 27 at 8-9.  Macleod's trial counsel requested payment only for duplicate copies of the files Macleod already had received.  *Id.*  So it seems that Macleod already had been given copies of the files he needed, and he was required to pay only for additional copies.  Second, Macleod's vague assertion that his attorneys did not respond to requests for affidavits does not justify equitable tolling because Macleod does not explain why the affidavits were essential to asserting his new claims.

In short, Macleod has not shown that "extraordinary circumstances prevented him from [asserting his new claims] on time."  *See Doe*, 391 F.3d at 159.  He therefore is not entitled to equitable tolling.

## III.   RELATION BACK

When a petitioner seeks to amend his 2254 petition to add a new claim but "the statute of limitations has run," the new claim must "relate back" to the claims in the original petition.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  A new claim relates back "if the original and amended pleadings 'ar[i]se out of the [same] conduct, transaction, or occurrence.'"  *Id.* (quoting Fed. R. Civ. P. 15(c)(2)).  The Supreme Court has explicitly rejected the contention that a new claim may relate back to a previously asserted claim solely because the two claims arise from "the same trial, conviction, or sentence."  *Id.* at

5

662 ("If claims asserted after the one-year period could be revived simply because they related to the same trial, conviction, or sentence as a timely filed claim, [the] limitation period would have slim significance."); *see id.* at 656-57 ("Under that comprehensive definition [allowing relation back of claims arising from the same trial], virtually any new claim introduced in an amended petition will relate back . . . ."). Rather, a new claim will relate back to an original claim only if the two "are tied to a common core of operative facts." *Id.* at 664.

In his original petition, Macleod asserted claims based on the conduct of his trial counsel, his appellate counsel, and the state courts. Docket Item 1 at 6-7. More specifically, he alleged that trial counsel "enter[ed] into a stipulation in lieu of motions" and "made a statement" that "he would not be suppressing anything" before the trial; that appellate counsel "failed to communicate" with him and "failed to raise issues on direct appeal which had merit"; that the trial court "denied trial counsel [the] opportunity to litigate [the] pre[-]sentence investigation report prior to sentencing," "denied trial counsel [the opportunity] to properly cross[-]examine witnesses," and "allow[ed] photographs to be taken by newspapers at [the] arraignment"; that New York State Supreme Court, Niagara County, "denied [his] motion to vacate" and "denied [him the] ability to litigate evidence presented in [his] motion . . . by not giving [him] a hearing"; and that New York State Supreme Court, Appellate Division, Fourth Department, "abused its discretion by denying" him leave to appeal to the New York Court of Appeals. *Id.* (capitalization omitted).

Macleod's new claims—that his trial counsel failed to introduce certain photographs at trial and failed to object to a portion of the state's summation, Docket

6

Item 31—do not relate back to any of the claims asserted in the original petition. Clearly, the new claims challenging the performance of trial counsel are unrelated to Macleod's claims arising from purported errors by appellate counsel and the state courts.[5] And while the original petition asserts that trial counsel "enter[ed] into a stipulation in lieu of motions" and stated that "he would not be suppressing anything," Docket Item 1 at 6, those claims arise from different parts of the trial—and therefore different cores of operative facts—than Macleod's new claims, which involve counsel's failure to introduce evidence and failure to object to the state's summation at trial. *See Gibson v. Artus*, 407 F. App'x 517, 518-19 (2d Cir. 2010) (summary order) ("The three allegations at issue in the new petition—namely, counsel's failure to (1) raise a speedy trial challenge; (2) seek a dismissal of the indictment because the trial court refused to hold a preliminary hearing; and (3) seek a dismissal of the indictment because it did not bear petitioner's name—are in no way related to [the claims in the original petition about] counsel's alleged failure to inform petitioner of his right to testify before the grand jury. The claims in the amended petition, therefore, do not relate back to the claims in the original petition and are time-barred.").

In other words, Macleod's new claims do not arise from the same "conduct, transaction, or occurrence" as any of the claims in the original petition. *See Mayle*, 545 U.S. at 655. The new claims therefore are untimely.

---

[5] Although the original petition alleged that the trial court "denied trial counsel [the opportunity] to properly cross[-]examine witnesses," Docket Item 1 at 6, that claim—which is based on the trial court's conduct—cannot serve as the basis for the relation-back of Macleod's new claims for ineffective assistance of counsel, which hinge on the conduct of trial counsel.

7

**CONCLUSION**

For the reasons stated above, Macleod's motion to stay and amend, Docket Item 31, and his fifth motion for an extension of time to reply in support of his motion to stay, Docket Item 45, are DENIED.

SO ORDERED.

Dated: May 3, 2024
       Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE