UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT MACLEOD,

              Petitioner,

v.

TIMOTHY McCARTHY, Superintendent,

              Respondent.

**DECISION AND ORDER**

1:20-CV-01680 EAW

---

I.    **INTRODUCTION**

*Pro se* petitioner Robert MacLeod ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1). Petitioner challenges the constitutionality of the judgment entered against him on March 24, 2017, in New York State, Niagara County Court (Murphy, J.), following a jury verdict convicting him of, *inter alia*, second-degree robbery as a sexually motivated felony (New York Penal Law ("P.L.") §§ 160.10(2)(a), 130.91). (*Id.* at 1).[1] Petitioner is currently serving an aggregate sentence of 15 years' imprisonment plus 15 years' post-release supervision.[2]

---

[1]    Page citations to Petitioner's pleadings are to the pagination automatically generated by the Court's case management and electronic filing system (CM/ECF) and located in the header of each page. Page citations to Respondent's pleadings are to the original pagination.

[2]    *See* https://nysdoccslookup.doccs.ny.gov/ (results for DIN 17B1220) (last accessed June 15, 2024).

For the reasons below, the Court concludes that the petition is a mixed petition containing exhausted and unexhausted claims. The Court further finds that there are two procedural options available to Petitioner. He either can proceed with all four claims, exhausted and unexhausted; or he can delete the unexhausted claims and proceed on the remaining two claims. Petitioner is directed to notify the Court in writing which of the two procedural options he elects to pursue.

## II. BACKGROUND

### A. State Court Proceedings

On May 11, 2016, a Niagara County grand jury returned an indictment against Petitioner charging him in connection with the December 26, 2015 robbery and assault of a woman ("K.N." or "the complainant") near the Discovery Center in Niagara Falls. (SR-s: 32-33).[3] The four counts in the indictment were: (1) second-degree robbery in violation of P.L. § 160.10(2)(a) (caused physical injury) (count one); (2) second-degree robbery in violation of P.L. §§ 160.10(2)(a), 130.91 (robbery as a sexually motivated felony) (count two); (3) first-degree sexual abuse in violation of P.L. § 130.65(1) (sexual contact by forcible compulsion (count three); and (4) second-degree assault (P.L. § 120.05(6) (caused physical injury during a robbery) (count four). (SR-s: 32-33).

---

[3] Citations to "SR-s:" refer to the Bates-stamped page numbers of the state court records, filed manually under seal at Docket 18. Citations to "T:" and "S:" refer to the pages of the trial transcript and sentencing transcript, respectively. These transcripts are contained on a compact disc ("CD") also filed manually under seal at Docket 18. Citations to "SR:" refer to the Bates-stamped page numbers of the state court records not covered by the sealing order (Dkt. 14) and electronically filed at Docket 16-1.

Petitioner proceeded to a jury trial on the indictment before Niagara County Court Judge Matthew Murphy ("trial court"). Prior to summations, the prosecutor elected to dismiss count four charging second-degree assault to avoid the possibility of inconsistent verdicts should the trial court instruct the jury on second-degree assault as a lesser included offense of the second-degree robbery charged in count one. (T: 950).

The jury was charged on the remaining counts in the indictment (counts one, two, and three), as well as several lesser included offenses on the two robbery counts. (T: 1042-56, 1058-64). The jury returned a verdict finding Petitioner guilty of the three remaining counts in the indictment. (T: 1123).

On March 24, 2017, the trial court sentenced Petitioner to concurrent terms of 15 years' imprisonment plus an aggregate term of 15 years' post-release supervision on the two robbery convictions, to be served consecutively with a determinate sentence of seven years' imprisonment plus 10 years' post-release supervision on the sexual abuse conviction. (S: 16-17).

Represented by new counsel, Petitioner appealed his conviction to the Appellate Division, Fourth Department, of New York State Supreme Court ("Appellate Division"). (SR-s: 1-113). On June 29, 2018, the Appellate Division unanimously modified the judgment on the law and as a matter of discretion in the interest of justice by: (1) reversing the conviction on count one (second-degree robbery causing physical injury); (2) dismissing count one; and (3) ordering the sentences imposed on counts two and three to run concurrently with each other. *People v. MacLeod*, 162 A.D.3d 1751 (4th Dep't 2018); (SR: 132-33). The judgment, as modified, was affirmed. (*Id.*). The New York Court of

Appeals denied leave to appeal on September 13, 2018. *People v. MacLeod*, 32 N.Y.3d 1005 (2018); (SR: 136).

Petitioner filed a *pro se* motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 on December 5, 2019. (SR-s: 137-534). The trial court denied the motion on March 10, 2020. (SR: 568-70). The Appellate Division denied leave to appeal on October 26, 2020.[4] (SR: 601-02).

### B. Federal Habeas Proceeding

In his petition filed on November 10, 2020 (Dkt. 1 at 9), Petitioner asserts entitlement to habeas relief on the following grounds: defense counsel was ineffective (*id.* at 6); appellate counsel was ineffective (*id.*); the trial court made erroneous rulings (*id.*); and the Appellate Division erroneously denied the application for leave to appeal the trial court's denial of the C.P.L. § 440.10 motion (*id.* at 7). The first three claims are listed under the heading for Ground One (*id.* at 6); the fourth claim is listed under the heading for Ground Two (*id.* at 7).

Respondent filed an answer (Dkt. 16) and memorandum of law in opposition to the petition (Dkt. 15).[5] Respondent argues that the petition is untimely and that there are no equitable grounds for excusing Petitioner's non-compliance with the statute of limitations.

---

[4]   The Appellate Division's order denying leave was dated and signed October 26, 2020, not October 29, 2020, as Respondent asserts. October 29, 2020 was the date on which the Clerk of the Appellate Division certified the order denying leave as a true copy of the original order on file with the Appellate Division's Clerk's Office (SR: 602).

[5]   Respondent requested and obtained permission to file the transcripts and portions of the state court records under seal. (Dkt. 13; Dkt. 14).

(Dkt. 15 at 6-10). Alternatively, Respondent asserts that the claims in Ground One based on defense counsel's ineffectiveness and the trial court's erroneous rulings are unexhausted but must be deemed exhausted and procedurally defaulted. (*Id.* at 10-18). Respondent further contends that they are meritless. (*Id.*). Respondent asserts that the claim based on the denial of Petitioner's application for leave to appeal the adverse ruling on the C.P.L. § 440.10 motion is not cognizable on federal habeas review. (*Id.* at 18-19). Lastly, Respondent contends that the allegations in Ground One regarding appellate counsel's ineffectiveness are fully unexhausted and warrant dismissal under 28 U.S.C. § 2254(b)(2) because they are plainly meritless. (*Id.* at 22-26).

Petitioner filed four motions for extensions of time to file a reply (Dkt. 19; Dkt. 24; 27; Dkt. 29), which were granted (Dkt. 21; Dkt. 25; Dkt. 28; Dkt. 30). Instead of filing a reply, Petitioner filed a motion seeking a stay-and-abeyance and to amend the petition. (Dkt. 31). Petitioner sought to add a claim that defense counsel was ineffective for: (1) failing to introduce photographs and a "photo log" that purportedly refuted the testimony of the police officer who accompanied the complainant to the hospital and the registered nurse who examined her; and (2) failing to object to the prosecutor's summation.

Respondent opposed both requests, reiterating that the petition is untimely; that even if the petition was filed on time, the statute of limitations had since expired, making the proposed new claim untimely; that the proposed new claim did not relate back to the original claims; and that Petitioner is not entitled to a stay because the proposed new claim is plainly meritless, and he had not demonstrated "good cause" for failing to exhaust it earlier. (*See* Dkt. 35; Dkt. 36). Petitioner sought four extensions of time to reply (Dkt. 37;

Dkt. 39; Dkt. 41; Dkt. 43) to Respondent's opposition to the motion for a stay-and-abeyance and to amend the petition. These requests were granted. (Dkt. 38; Dkt. 40; Dkt. 42; Dkt. 44). Petitioner never filed a reply but instead filed another motion for an extension of time, alluding to possibly retaining an attorney. (Dkt. 45).[6]

United States District Judge Lawrence J. Vilardo issued a Decision and Order denying the motion for a stay-and-abeyance and to amend the petition and denying Petitioner's fifth motion for an extension of time to reply. (Dkt. 49). Judge Vilardo assumed, "solely for purposes of deciding [Petitioner]'s motion to stay and amend," that "the original petition was timely filed." (*Id*. at 3 & n.2). Judge Vilardo then determined that Petitioner's motion to amend was filed nearly a year-and-a-half after he filed his petition and therefore was "well outside the one-year statute of limitations that governs those claims." (*Id.* at 4). Judge Vilardo concluded that the new claims were time-barred because Petitioner had not demonstrated entitlement to equitable tolling of the limitations period (*id.* at 4-6), or that the new claims related back to the originally pleaded claims (*id.* at 6-7). Judge Vilardo also noted that although Respondent asserted the defense of non-exhaustion as to several claims asserted in the original petition, Petitioner did not request a stay-and-abeyance to exhaust those claims. (*Id.* at 3 n.2). Judge Vilardo denied the request for a stay but did not specifically discuss why Petitioner was not entitled to have the petition stayed. (*Id.* at 7).[7]

---

[6]     No attorney has entered an appearance on Petitioner's behalf.

[7]     This case was transferred from Judge Vilardo to the undersigned on June 11, 2024. (Dkt. 52).

### III. EXHAUSTION

#### A. Relevant Legal Principles

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845 (citing 28 U.S.C. § 2254(b)(1)).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *O'Sullivan*, 526 U.S. at 845). "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191-92 (2d Cir. 1982) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)).

In addition to fulfilling the "fair presentation" requirement, the petitioner must utilize all available state court remedies before bringing his or her claims to federal court. *See O'Sullivan*, 526 U.S. at 845 ("Section 2254(c) provides that a habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he

has the right under the law of the State to raise, by any available procedure, the question presented." (ellipsis in original (quoting 28 U.S.C. § 2254(c)))). The petitioner must utilize the correct procedural vehicle for the particular claim to be exhausted. *See Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 352 (N.D.N.Y. 2013) ("A claim is not properly exhausted when it is untimely, or if it is submitted to the state court by way of an incorrect procedural mechanism and never addressed." (citing *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991))).

To properly exhaust claims based on the trial record, a defendant in New York State "must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005). A criminal defendant is entitled to only one direct appeal in New York State. *See* N.Y. Ct. R. § 500.20(a)(2) (application seeking leave to appeal "shall indicate . . . that no application for the same relief has been addressed to a justice of the Appellate Division, as only one application is available").

Where a claim cannot be demonstrated on the basis of the pretrial or trial record, it is not appropriate for direct appeal. *See, e.g.*, *People v. Gonzalez*, 210 A.D.3d 1005, 1006 (2d Dep't 2022) (finding that the "defendant's contentions regarding the [trial court]'s alleged mid-trial reversal of a pretrial ruling that does not appear on the record cannot be reviewed on direct appeal, as those contentions are based upon matter dehors the record"); *People v. Modesto*, 39 A.D.3d 567, 567 (2d Dep't 2007) (finding that the "defendant's claim that he was deprived of due process by the interpreter's alleged failure to file an oath

of public office is based on matter dehors the record and cannot be reviewed on direct appeal").

In such a case, the defendant may exhaust the claim by presenting it to the trial court via a collateral post-conviction motion; typically, a motion to vacate the judgment pursuant to C.P.L. § 440.10. *See*, *e.g.*, *Reyes v. Phillips*, No. 02cv7319 (LBS), 2005 WL 475544, at *4 (S.D.N.Y. Mar. 1, 2005) ("[A] motion under [C.P.L.] § 440.10 was the appropriate vehicle with which to exhaust [the] ineffective-assistance-of-counsel claim insofar as it relied upon evidence outside the record."). The petitioner then must seek leave to appeal the denial of the C.P.L. § 440.10 motion to the Appellate Division. *See*, *e.g.*, *Ture v. Racette*, No. 9:12cv01864 (JKS), 2014 WL 2895439, at *4 (N.D.N.Y. June 26, 2014) (finding that the petitioner did not complete one full round of appellate review as to claims raised in his C.P.L. § 440.10 motion where he did not seek leave to appeal the denial of that motion). New York State law does not allow a further discretionary appeal of the denial of relief under C.P.L. § 440.10. *Ramos v. Walker*, 88 F. Supp. 2d 233, 234, 235 & nn.3, 9 (S.D.N.Y. 2000).

  **B.**  **Application**

    **1.**  **The Claim of Ineffective Assistance of Trial Counsel Is Unexhausted**

Petitioner claims that he was denied the effective assistance of trial counsel because defense counsel: (1) signed a "Stipulation In Lieu of Motions"; (2) stated on the record that the prosecutor told defense counsel that "he would not be suppressing anything today"; and (3) did not properly cross-examine witnesses at trial. (Dkt. 1 at 6).

Respondent argues that the ineffective assistance of trial counsel claim is unexhausted but must be deemed exhausted and procedurally defaulted. (Dkt. 15 at 11). Respondent asserts that although Petitioner included a claim of ineffective assistance of trial counsel C.P.L. § 440.10 motion, he did not raise the factual allegations he raises in the habeas petition. (*Id.*).

Respondent is correct that the current claim of ineffective assistance of trial counsel is unexhausted because Plaintiff did not present to the state court "the 'substantial equivalent' of the claim raised in the federal habeas petition." *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (quoting *Strogov v. Att'y Gen. of N.Y.*, 191 F.3d 188, 191 (2d Cir. 1999)). However, the ineffective assistance of trial counsel claim cannot be deemed exhausted and procedurally defaulted at this juncture. Since the time that Respondent filed his memorandum of law in opposition to the petition, the New York State Legislature amended C.P.L. § 440.10 to exempt ineffective assistance of counsel claims from the mandatory dismissal provisions of C.P.L. § 440.10(2)(b) and (c). *See People v. Green*, 201 A.D.3d 814, 816 (2d Dep't 2022) ("[E]ffective October 25, 2021, CPL 440.10(2)(c) does not apply to the issue of ineffective assistance of counsel."); *see also Herring v. McCarthy*, No. 19-CV-6111 (CJS), 2022 WL 7326255, at *2 & n.1 (W.D.N.Y. Oct. 13, 2022) (noting amendment). As a result of the amendment, a court in New York State considering a C.P.L. § 440.10 motion may not deny ineffective assistance of trial counsel claims simply because they were based on errors apparent on the trial record, as was permissible under the former C.P.L. § 440.10(2)(c).

Therefore, contrary to Respondent's assertions, Petitioner would not face a mandatory procedural bar as to his ineffective assistance of trial counsel claim. Because Petitioner still has remedies available in the New York State courts, the ineffective assistance of trial counsel claim cannot be deemed exhausted under 28 U.S.C. § 2254(c). Instead, it is fully unexhausted.

### 2. The Claim of Ineffective Assistance of Appellate Counsel Is Unexhausted

Petitioner claims that he was denied the effective assistance of appellate counsel because his appellate attorney: (1) failed to communicate with him, and (2) omitted unspecified but meritorious issues from the appellate brief. (Dkt. 1 at 6). Respondent argues that this claim is fully unexhausted because Petitioner never raised it in state court. (Dkt. 15 at 19). Respondent also notes that it cannot be deemed exhausted because Petitioner has remedies available in the New York State courts insofar as he still could raise it in a motion for a writ of error *coram nobis*. (*Id.*).

Respondent is correct. A petitioner may exhaust a claim of ineffective assistance of appellate counsel by raising that claim to the Appellate Division in a motion for a writ of error *coram nobis*, *see Sweet v. Bennett*, 353 F.3d 135, 142 n.7 (2d Cir. 2003); and then seeking leave to appeal the denial of that motion to the Court of Appeals, *see Shomo v. Maher*, No. 04-CV-4149KMK, 2005 WL 743156, at *3 (S.D.N.Y. Mar. 31, 2005) (citing *People v. Stultz*, 2 N.Y.3d 277, 281 (2004); N.Y. Crim. Proc. Law §§ 450.90(1), 460.10(5)(a)). Like the ineffective assistance of trial counsel claim, the ineffective assistance of appellate counsel claim is fully unexhausted.

### 3. The Claim Based on Trial Court Error Must Be Deemed Exhausted and Procedurally Defaulted

Petitioner asserts that the trial court erred by: (1) preventing defense counsel from litigating the pre-sentence investigation report prior to sentencing; (2) denying defense counsel the opportunity to cross-examine unspecified witnesses fully; and (3) depriving defense counsel the ability to control the publicity surrounding Petitioner's case by allowing news reporters to take still photographs at his arraignment. (Dkt. 1 at 6).

Respondent argues that these allegations were not presented in the C.P.L. § 440.10 motion and, because they are apparent on the face of the record, they would be subject to mandatory dismissal under C.P.L. § 440.10(2)(c) if Petitioner filed a second C.P.L. § 440.10 motion. (Dkt. 15 at 16 & n.5). The Court agrees.

The 2021 amendments to C.P.L. § 440.10 only exempted ineffectiveness claims from the mandatory dismissal provisions in C.P.L. § 440.10(2). *See Green*, 201 A.D.3d at 816. If Petitioner filed a second C.P.L. § 440.10 motion asserting these alleged errors and omissions by the trial court, the motion court would be required to dismiss them because, "[a]lthough sufficient facts appear on the record . . . to have permitted . . . adequate review of the ground or issue . . . , no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him." N.Y. Crim. Proc. Law § 440.10(2)(c); *see also*, *e.g.*, *Taylor v. Rivera*, No. 07 CIV. 8668 PKC DF, 2011 WL 4471919, at *14 (S.D.N.Y. Apr. 18, 2011) (claim that trial judge deprived habeas petitioner of his right to present a complete defense by erroneously excluding his co-defendant's videotaped statement was unexhausted

- 12 -

because it was not raised on direct appeal; it was required to be deemed exhausted and procedurally defaulted because the petitioner faced mandatory dismissal under C.P.L. § 440.10(2)(c) if he raised the claim in a motion to vacate), *adopted*, No. 07 CIV. 8668 PKC DF, 2011 WL 4472146 (S.D.N.Y. Sept. 27, 2011). Furthermore, "[a]ny attempt to raise these claims at this stage as part of a direct appeal would be rejected because a criminal defendant is entitled to only one direct appeal and one application for leave to appeal to the Court of Appeals." *Roa v. Portuondo*, 548 F. Supp. 2d 56, 78 (S.D.N.Y. 2008); *see also* N.Y. Ct. R. § 500.20(a)(2).

"For exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (quoting *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989)). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." *Id.* (citing 28 U.S.C. § 2254(c)).

However, "the procedural bar that gives rise to exhaustion[,] provides an independent and adequate state-law ground for the conviction and sentence" and renders the claim procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). "[B]ecause of the procedural default, [Petitioner] is not entitled to have the claim[] entertained in a federal habeas proceeding unless he can show 'cause' for the default and actual 'prejudice' resulting therefrom," *DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)), "or show that he is 'actually

innocent,'" *id.* (quoting *Murray*, 477 U.S. at 496 (internal quotation marks omitted in original)).

### 4. The Claim Based on the Erroneous Denial of the Leave Application Is Noncognizable

Petitioner asserts that the Appellate Division abused its discretion when it summarily denied his application for leave to appeal the trial court's denial of his C.P.L. § 440.10 motion. (Dkt. 1 at 7). Respondent argues that an appellate court's denial of discretionary leave to appeal does not raise a constitutional issue cognizable on federal habeas review. (Dkt. 16 at 19). Respondent is correct. *See Horton v. Recktenwald*, No. 115CV843MATMJR, 2017 WL 2957826, at *1 (W.D.N.Y. July 11, 2017) (finding that the petitioner's allegations that the appellate court wrongly denied his application for discretionary leave to appeal the denial of his motion to vacate under C.P.L. § 440.10 "could not be construed to raise a constitutional issue cognizable on federal habeas review" (citing *Shaut v. Bennet*, 289 F. Supp. 2d 354, 370 (W.D.N.Y. 2003) (habeas petitioner alleged that because "the trial court did not issue a 'written decision' when it denied either of his C.P.L. § 440.10 motions," "the Appellate Division improperly denied him leave to appeal" because it "'could not possibly [have] conclude[d] that there existed of fact or law review since that conclusion would have to have been based on the nonexistent written decision of the trial court'"; district court found that the petitioner "established no constitutional violation stemming from the appellate court's denial of leave to appeal")).

There is no indication that Petitioner raised this claim in any state court proceeding. As noted above, Petitioner filed no state court application for post-conviction relief other

than the C.P.L. § 440.10 motion.  In any event, because this claim is not cognizable, it is irrelevant to determining whether a habeas petition is a mixed petition containing exhausted and unexhausted claims.  *Chase v. Russell*, No. 119CV00617EAWLGF, 2024 WL 1739708, at *12 (W.D.N.Y. Apr. 23, 2024) (collecting cases).

## C.     Procedural Options Available for a Mixed Petition

The petition, as currently pleaded, is a mixed petition containing two unexhausted claims (ineffective assistance of trial counsel and ineffective assistance of appellate counsel), a deemed exhausted and procedurally defaulted claim (erroneous rulings by the trial court), and one noncognizable claim (erroneous denial of the leave application).  There are four procedural options available to a district court confronted with a mixed petition: "(1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits [pursuant to 28 U.S.C. § 2254(b)(2)]; (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims; or (4) in limited circumstances, stay the petition to allow petitioner to exhaust his unexhausted claims."  *Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 128 (E.D.N.Y. 2017)) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Zarvela v. Artuz*, 254 F.3d 374, 381-82 (2d Cir. 2001)).

The first option—dismissal of the habeas petition in its entirety without prejudice— is not appropriate here because doing so would impair Petitioner's ability to file a timely petition at a later time.  For present purposes, the Court assumes that, as Judge Vilardo found, the statute of limitations in 28 U.S.C. § 2244(d)(1) has expired.  (Dkt. 49 at 4).  If Petitioner returned to state court and filed another C.P.L. § 440.10 motion or a motion for a writ of error *coram nobis*, such motions would not restart the already expired limitations

period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("hold[ing] that proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run"). In addition, this habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2) and has not tolled the limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

As Petitioner is out of time to file another habeas petition challenging his conviction, it would be inappropriate to dismiss the entire petition without prejudice. *See Zarvela*, 254 F.3d at 382 (declining to dismiss mixed petition without prejudice; explaining that because there was "so little time" remaining on the one-year limitations period, a complete dismissal would jeopardize the petitioner's ability to bring a timely petition after exhausting his claims). The first procedural option therefore is not viable here.

The second option allows the Court to reach the merits of all the claims in the petition, unexhausted and exhausted. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). The only possible outcome with this option is denial of the entire petition. *See Caswell v. Racetti*, No. 11-CV-0153 MAT, 2012 WL 1029457, at *4 (W.D.N.Y. Mar. 26, 2012) ("The Second Circuit and other circuit courts of appeals have interpreted this provision to allow courts to deny mixed petitions on the merits, but not to allow courts to grant mixed petitions on the merits." (citing *Turner v. Artuz*, 262 F.3d 118, 122 (2d Cir. 2001) (discussing the 1996

amendments to the habeas statute adding 28 U.S.C. § 2254(b)(2) and stating that "[a] district therefore now has the option of denying mixed petitions on the merits"); *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (finding that the district court's "hybrid" disposition of fully unexhausted habeas petition—dismissing one claim on the merits and dismissing the other without prejudice—was "unauthorized by § 2254(b)(2)")).

Pursuant to the third option, Petitioner would delete the unexhausted claims (the ineffective assistance of trial and appellate counsel claims), leaving only two claims (the deemed exhausted and procedurally defaulted claim of trial court error and the non-cognizable claim regarding the denial of the leave application). With this option, the Court would not be required to deny the petition on the merits under § 2254(b)(2). However, Petitioner still faces a procedural default of the claim alleging trial court error. In addition, the claim regarding the denial of the leave application is not cognizable.

The fourth option would require Petitioner to satisfy the standard in *Rhines* for obtaining a stay-and-abeyance as to the unexhausted claims of ineffective assistance of trial and appellate counsel. *Rhines* instructs that a district court may exercise its discretion to stay a habeas petition if: (1) the petitioner demonstrates "good cause" for failing to exhaust the claims in state court before bringing the federal habeas petition; (2) the unexhausted claims are "potentially meritorious" or at least not "plainly meritless;" and (3) there is no indication of "intentionally dilatory litigation tactics" on the petitioner's part. 544 U.S. at 277-78.

The fourth option is not appropriate because, on the record before the Court, Petitioner cannot show "good cause" for failing to exhaust his claims sooner. Although

Respondent's memorandum of law placed Petitioner on notice that his ineffective assistance of appellate counsel claim was fully unexhausted, Petitioner never sought a stay-and-abeyance as to that claim. This omission is even more notable given that Petitioner did file a motion for a stay-and-abeyance as to an entirely new and unexhausted claim of ineffective assistance of trial counsel.

Nor can Petitioner show good cause for failing to exhaust the ineffective assistance of trial counsel claim. As the claim is based on alleged errors by defense counsel that occurred during pre-trial proceedings or the trial itself (Dkt. 1 at 6), Petitioner was aware of the supporting facts well before judgment was entered in his case. He could have raised these allegations on direct appeal by requesting that assigned appellate counsel include the record-based ineffective assistance of trial counsel claim in the opening brief or, failing that, seeking permission to file a *pro se* supplemental appellate brief. *See* N.Y. R. App. Div. 4th Dep't § 1000.11 ("When assigned counsel does not move to be relieved as counsel a defendant wishing to file a *pro se* supplemental brief pursuant to 22 NYCRR [§] 1250.11(g)(2) shall file an original and five copies of such brief, with proof of service of one copy on assigned counsel and one copy on the People."); N.Y. Comp. Codes R. & Regs. tit. 22, § 1250.11(g)(2) ("When assigned appellate counsel does not file a brief pursuant to *Anders v California*, [386 U.S. 738 (1967),] a defendant wishing to file a *pro se* supplemental brief shall[,] . . . in the Third and Fourth Judicial Departments, file the *pro se* supplemental brief not later than 45 days after the date of mailing to the defendant of a copy of the brief filed by counsel.").

Moreover, even prior to the 2021 amendments to C.P.L. § 440.10(2), New York State law permitted "mixed claims" of ineffective assistance of trial counsel, i.e., those based on both on-the-record and off-the-record errors, to be brought in a C.P.L. § 440.10 motion. *Pierott v. Walsh*, 834 F.3d 171, 178-79 (2d Cir. 2016) (collecting cases). Thus, Petitioner could have included all his ineffective assistance of trial counsel allegations in the C.P.L. § 440.10 motion and not faced a procedural bar. *Id.* ("Where 'a defendant presents a mixed claim of ineffective assistance . . .[,] such a mixed claim, presented in a [Section] 440.10 motion, is not procedurally barred, and the [Section] 440.10 proceeding is the appropriate forum for reviewing the claim of ineffectiveness in its entirety." (alterations and ellipsis in original (quoting *People v. Maxwell*, 89 A.D.3d 1108, 1109 (2d Dep't 2011))). In short, Petitioner failed to take any steps to exhaust the ineffective assistance of trial counsel claim prior to filing his petition.

Petitioner cannot show good cause for failing to exhaust the ineffective assistance of trial and appellate counsel claims before filing this habeas petition, which "is fatal to [his] ability to fulfill the *Rhines* standard" for obtaining a stay-and-abeyance. *Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014). The Court accordingly concludes that the fourth option is inappropriate.

Petitioner will be afforded an opportunity to choose between option two (proceed on all four claims, exhausted and unexhausted, with the outcome necessarily being a denial of the petition under § 2254(b)(2)) or option three (delete the unexhausted claims and proceed on the remaining two claims). Petitioner may attempt to demonstrate cause for, and prejudice resulting from, the default of the claim based on the trial court's alleged

errors; or that a fundamental miscarriage of justice will occur if the Court does not hear the claim, i.e., he is actually, factually innocent. Petitioner's response is due 30 days from the date of entry of this Decision and Order.

## IV. CONCLUSION

For the reasons above, the petition (Dkt. 1) is a mixed petition containing exhausted and unexhausted claims. There are two procedural options available to Petitioner, as outlined above in Section III.C. Petitioner is directed to notify the Court in writing within 30 days of the date of this Decision and Order whether he elects to proceed with all four claims, exhausted and unexhausted (option two); or to delete the unexhausted claims and proceed on the remaining two claims (option three). Petitioner may argue in his response why the Court should excuse the procedural default of the claim based on the trial court's alleged errors.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   June 17, 2024
         Rochester, New York